# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

**DENISE M. SIMMIOLKJIER-RODRIGUEZ,**

        Plaintiff,

    v.

**U.S. GOVERNMENT as Representative of the TRANSPORTATION SECURITY ADMINISTRATION, and AMERICAN AIRLINES, INC.,**

        Defendants.

_____

1:21-cv-00257-WAL-EAH

**TO:**    **Jennifer Sue Koockogey, Esq.**
        **Lee J. Rohn, Esq.**
           *On behalf of Plaintiff*
        **Angela Tyson-Floyd, Esq., AUSA**
           *On behalf of Defendant U.S. Government*
        **Chad C. Messier, Esq.**
        **Claire Anaclerio, Esq.**
           *On behalf of Defendant American Airlines, Inc.*

## ORDER GRANTING MOTION TO STAY

**THIS MATTER** comes before the Court on Defendant American Airlines, Inc.'s Motion to Stay Pending Ruling on American's Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law. Dkt. No. 42. Plaintiff opposed the motion, Dkt. No. 45, which was discussed at the Initial Conference held July 11, 2022. Following that conference, American Airlines filed a reply. Dkt. No. 53. For the reasons that follow, the Court will grant American's motion to stay discovery pending a ruling by the District Court on American's motion to dismiss.

## BACKGROUND

In June 2021, Denise M. Rodriguez-Simmiolkjier ("Plaintiff") filed a complaint against the U.S. Government, as Representative of the Transportation Security Administration (the "Government"), and American Airlines Group, Inc. concerning a June 20, 2019 incident that occurred when she was traveling through LaGuardia Airport in New York. Dkt. No. 1. In July, the Court granted the parties' stipulated motion to amend/correct the complaint in order that American could be properly sued as American Airlines, Inc. Dkt. Nos. 10, 11. Plaintiff filed the First Amended Complaint. Dkt. No. 12. American then moved to dismiss, Dkt. No. 13, after which Plaintiff moved to amend the complaint, Dkt. Nos. 17, 18.

In October 2021, the Court granted Plaintiff's motion to amend, Dkt. No. 26, and Plaintiff filed her Second Amended Complaint ("SAC") against the Government and American, Dkt. No. 28. She asserted jurisdiction under 4 V.I.C. § 76 and the Air Carrier Access Act ("ACAA"), 14 C.F.R. § 382.91. *Id.* ¶ 1. She alleged that she was traveling through LaGuardia airport in New York on June 20, 2019, after having been discharged from the hospital on June 18 and was "very weak." *Id.* ¶¶ 5, 6. She informed American of her condition and requested assistance "in moving through the airport." She "reasonably expected" airline employees/ staff would "provide her with the medical assistance necessary to reach her gate for safely boarding her flight" because American was a common carrier and, under the ACAA, "American had a duty to provide and ensure the assistance." *Id.* ¶¶ 7-9. It also had a "duty not to leave Plaintiff unattended in the wheelchair in the airport before she boarded her

flight." *Id.* ¶ 12. American initially provided assistance, wheeling her to Terminal C where she was "abandoned at a gate there." *Id.* ¶ 11. When no one else came to the gate, Plaintiff went to the American counter and was told her flight was leaving from Terminal D and was about to board; she requested assistance to get to Terminal D but was informed that it was "too busy." *Id.* ¶¶ 13-15. She attempted to wheel herself to Terminal D; a good Samaritan observed her and arranged for someone to push her wheelchair. *Id.* ¶¶ 16-17.

She then had to go through TSA by herself to get to her gate. American "had a duty to assist Plaintiff in the wheelchair as she moved through TSA procedures," but since it had abandoned her, she attempted to go through TSA on her own. *Id*. ¶¶ 18-19. She told TSA she was very weak, but TSA required her to stand up to go through the security machine unassisted, which alarmed; she was told to stand with her arms outstretched to be patted down. *Id*. ¶¶ 20-23. When the agent patted her pants area "invasively," her pants fell to the ground; the agent did not assist her but called another TSA employee and both laughed hysterically; then other patrons and TSA employees started laughing at Plaintiff. *Id*. ¶¶ 24-26. Plaintiff, humiliated, struggled to pull her pants up and tried to obtain the name of the agent who was laughing; but the employee covered her badge with her hand. Plaintiff went to the TSA supervisor who responded "Well, next time, hold your god damn pants up." *Id.* ¶¶ 27-31. The Supervisor did not give Plaintiff his name, other than "Charles." Plaintiff struggled back to her wheelchair and sat down, after which she was told the wheelchair had to be checked; she was wheeled to where a TSA agent was checking her bag; the agent took out

*Rodriguez-Simmiolkjier v. U.S. Government et al*
1:21-cv-00257-WAL-EAH
Order Granting Motion to Stay
Page 4

cold cuts and "mimed an extremely slow check" until the time for the flight had passed. Fortunately, the flight was delayed and she was able to make her flight. *Id.* ¶¶ 32-42. Plaintiff called the TSA hotline, giving details so the video of what occurred could be obtained; she emailed the information, but was told that the email had not been received and the tape was destroyed. *Id.* ¶¶ 43-47. She asserted claims for negligence, negligence per se, breach of contract, and breach of the duty of good faith and fair dealing against American, and negligence and failure to provide reasonable accommodation under the Americans with Disabilities Act and Rehabilitation Act against TSA. *Id.* ¶¶ 49-74.

Shortly thereafter, American filed a motion to dismiss under Rule 12(b)(6), arguing that the SAC was devoid of any factual allegations establishing a nexus between American's conduct and her injury at the hands of TSA, thereby failing to allege plausible proximate cause. Dkt. No. 30 at 1-5. The allegations showed that American provided a wheelchair, it could not transport her to Terminal D, and its failure to provide such assistance (thereby abandoning her) prompted a good Samaritan to help her get to Terminal D. *Id.* at 5-6. However, American took no part in the situation at the TSA checkpoint; even if Plaintiff had pleaded such allegations, American's conduct was too remote to be a substantial factor in bringing about the harm caused by TSA, which operated independently to cause Plaintiff's injuries. *Id*. at 6-7. In addition, Plaintiff could not assert a private cause of action for negligence per se under the ACAA and, even if she could, she did not allege a disability under the Act, and did not establish causation. *Id*. at 7-12. Finally, the breach of contract and breach

*Rodriguez-Simmiolkjier v. U.S. Government et al*
1:21-cv-00257-WAL-EAH
Order Granting Motion to Stay
Page 5

of the duty of good faith and fair dealing claim failed to state claims, as TSA caused the damages (causing her pants to fall to the ground, causing people to laugh and yell at her, performing a slow check, and destroying its surveillance tapes). *Id.* at 13. She did not allege that American refused to honor a contractual obligation or deprived her of a service under her contract. *Id.* Being too busy to transport her did not allege any improper purpose or ill motive, warranting dismissal of the breach of the duty of good faith claim. *Id.* at 14.

Plaintiff opposed, arguing that the detailed factual allegations in the SAC stated plausible claims: (1) American owed Plaintiff a duty of care as her air carrier; it conceded it breached the duty by depriving her of wheelchair assistance "required by law due to her disability" to get to her gate; the "independent intervening cause" is an affirmative defense; causation and other elements of negligence were issues for the jury; the natural consequences of American's negligence (leaving her at the wrong gate and failing to assist her) subjected her to mental anguish, physical pain and suffering; and whether American and TSA were concurrent tortfeasors was a jury question; (2) she stated a negligence per se claim, based on *D.E. v. American Airlines, Inc.*, 2020 WL 877812, at * 3 (D. Or. Feb. 21, 2020); and (3) she stated a valid claim for breach of contract, any affirmative defense concerning lack of a causal connection between Plaintiff's injury due to TSA's alleged conduct was premature, and she did not have to show fraud or deceit for her claim of breach of the duty of good faith and fair dealing. Dkt. No. 31 at 3-19.

*Rodriguez-Simmiolkjier v. U.S. Government et al*
1:21-cv-00257-WAL-EAH
Order Granting Motion to Stay
Page 6

In its Reply, American maintained that Plaintiff must plead facts showing plausible proximate cause and the Court may assess the sufficiency of those allegations on a motion to dismiss; it did not concede any elements of negligence, as it owed no duty to assist her through TSA without interference by TSA; its motion was not based on superseding cause, as its alleged failure to cause an attendant to push her from Terminal C to D did not cause TSA to mistreat her; and if she was arguing that American was only responsible for causing her emotional distress associated with not wanting to miss her scheduled flight for the limited time when she was left at Terminal C before a good Samaritan transported her to Terminal D, then she could not plead damages because she did not plead that she suffered any bodily harm. Dkt. No. 32 at 3-7. Further, case law uniformly held that the ACAA did not create a private right of action; the court could address her breach of contract claim on a motion to dismiss; and a claim for breach of good faith and fair dealing required acts amounting to fraud or deceit, which were not alleged. *Id.* at 7-13.

On June 23, 2022, the parties submitted a report of the Rule 26(f) planning meeting. Dkt. No. 38. Thereafter, the Government filed an Answer. Dkt. No. 40.

On June 29, 2022, American filed a motion to stay discovery pending a ruling on its motion to dismiss the SAC. Dkt. No. 42. It argued that the four-pronged test for such a stay was met here: (1) Plaintiff would not suffer undue prejudice or a tactical disadvantage if the court granted the motion, as she could not identify a risk different in kind or quantity from risks present in all litigation, she waited nearly two years from the incident before filing her

complaint, and she had not sought to advance the matter in the seven months since filing the complaint; (2) denial of the motion would create a hardship for American because of the cost and time involved in discovery, where Plaintiff could not articulate a recoverable claim against it, and no additional discovery could alter that reality; (3) a stay would simplify the issues because the motion to dismiss rested on a solid legal foundation and, despite three attempts, Plaintiff could not articulate a plausible claim against it; and (4) discovery was incomplete, as the Court had not yet entered a schedule, and the Government just filed its answer. Dkt. No. 42.

Plaintiff filed notice of Rule 26 disclosures, and on July 5, 2022 the parties filed separate discovery memoranda. Dkt. Nos. 43, 44, 46, 47, 49.

Plaintiff opposed the motion, arguing that staying discovery would prejudice her because the longer the case languished, the greater the chance that relevant evidence might be lost or destroyed, and she was entitled to timely secure evidence from healthcare providers and Defendants. Dkt. No. 45 at 2-3, 5. A stay would not simplify the issues for trial because "discovery will be produced regardless of whether American Airlines is dismissed from the case." *Id*. American's "broad allegations of harm, unsubstantiated by specific examples" did not suffice to show that it would be harmed if discovery proceeded. *Id.* at 6.

In its Reply, American posited that Plaintiff would not suffer undue prejudice if a stay was granted, given that she did not explain how a stay would prevent her from timely receiving evidence from her healthcare providers, which she has had years to secure, or how

a stay would prevent her from receiving evidence from Defendants. Moreover, she waited nearly two years to file her complaint and made no effort to initiate a Rule 26(f) conference or propose a case management order while the case has been pending. Dkt. No. 53 at 3-4. Plaintiff failed to refute American's clear case of hardship if the Court denied the motion. Moreover, if the motion to dismiss was granted, all of Plaintiff's claims against American would be dismissed and would simplify the issues. Finally, Plaintiff failed to address the fourth factor; in any event, discovery has just begun. *Id.* at 4-7.

## DISCUSSION

### I. Applicable Legal Principles

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). It is well settled, though, that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Matters of docket control and the conduct of discovery have long been "committed to the sound discretion of the district court," *In re Fine*

*Rodriguez-Simmiolkjier v. U.S. Government et al*
1:21-cv-00257-WAL-EAH
Order Granting Motion to Stay
Page 9

*Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), including whether to stay discovery, *Ferguson v. USAA Gen. Indem. Co.*, 334 F.R.D. 407, 409 (M.D. Pa. 2019) (citing, inter alia, *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001)). That discretion extends to decisions by U.S. Magistrate Judges. *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (finding that magistrate judge did not abuse his discretion in staying discovery pending review of motions to dismiss the complaint).

Still, motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.,* 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) (internal quotation marks omitted). In addition, a stay of discovery "is not appropriate solely because a motion to dismiss is pending." *Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018) (internal quotation marks omitted); *see also* LRCi 26.6 (discovery not automatically stayed upon filing of a Rule 12 motion to dismiss).

In this Circuit, when deciding whether to exercise discretion to grant a stay of discovery after a dispositive motion has been filed, courts weigh four considerations:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Rodriguez-Simmiolkjier v. U.S. Government et al*
1:21-cv-00257-WAL-EAH
Order Granting Motion to Stay
Page 10

*Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 182 (M.D. Pa. 2019) (internal quotation marks omitted); *see also Vitalis v. Crowley Caribbean Servs., LLC*, No. 20-cv-00020, 2021 WL 4494192, at *1 (D.V.I. Sept. 30, 2021).

In *Ainger v. Great American Assurance Company*, No. 1:20-cv-00005, 2022 WL 3139079, at *7 (D.V.I. Aug. 4, 2022), this Court recently adopted a "preliminary peek" approach in deciding whether to stay a case pending resolution of a dispositive motion. This involves a preliminary consideration of the potential merits of the dispositive motion and an assessment of whether the motion to dismiss is likely to be granted. Therefore, in assessing the third prong of the stay test, this Court will follow the preliminary peek cases that conclude a stay is warranted only when the defendant makes a "clear and convincing" showing that the motion to dismiss will likely be granted. In the Court's view, this concise articulation emphasizes the high bar a movant needs to overcome in order for its stay motion to be successful. *See Warden v. Tschetter Sultzer, P.C.*, 2022 WL 1487576, at *4-5 (D. Colo. May 11, 2022). The Court will now assess the four factors.

### A. Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-Moving Party

American argues that the first factor weighs in its favor because (a) Plaintiff may obtain her records from her healthcare providers without discovery; and (b) she waited almost two years after the incident to file her case and almost another year to commence discovery, which undercuts her claims of urgency. Plaintiff asserts that staying discovery will prejudice her because the longer the case languishes, the greater the chance that relevant

*Rodriguez-Simmiolkjier v. U.S. Government et al*
1:21-cv-00257-WAL-EAH
Order Granting Motion to Stay
Page 11

evidence may be lost or destroyed, and she is entitled to timely secure evidence from healthcare providers and Defendants.

This factor weighs heavily in American's favor. The airport incidents underlying the claims occurred in June 2019, but Plaintiff waited until June 2021 to file her complaint. While Plaintiff cites *Udeen v. Subaru of America, Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019), as generally standing for the proposition that a delay in discovery can be prejudicial to plaintiffs because memories fade and evidence can be lost, she does not explain how that proposition might impact the evidence here. One of the claims is for breach of contract, which is document-based, thereby minimizing reliance on memories or other evidence. Plaintiff also refers to a delay impacting her ability to obtain evidence from her healthcare providers, but she could have obtained that evidence at any time and does not need discovery to do so. In any event, a delay in resolving the dispositive motion does not, without more, establish that undue prejudice will result from issuing a stay. *Actelion Pharms., Ltd. v. Apotex, Inc.*, 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013). In addition, Plaintiff did not propose a case management order while the case has been pending, which weakens her argument that she would be prejudiced by a stay.

### B. Whether denial of a stay would create a clear case of hardship or inequity for the moving party

American contends that permitting discovery to go forward would cause it hardship because of the cost and time involved in discovery, where Plaintiff could not articulate a recoverable claim against it, and additional discovery would not alter that reality. Plaintiff

*Rodriguez-Simmiolkjier v. U.S. Government et al*
1:21-cv-00257-WAL-EAH
Order Granting Motion to Stay
Page 12

responds that denial of a stay would not create a hardship because American broadly alleged harm and such general argument is insufficient to establish harm. *See Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

This factor does not favor either party. Defendants "are always burdened when they are sued, and the ordinary burdens associated with litigating a case do not constitute undue burdens." *Warden*, 2022 WL 1487576, at *5 (internal quotation marks, alterations, and citations omitted). The allegations against American concern a discrete incident. But balanced against that point is that, if the Court concludes that American has made a "clear and convincing showing" that the motion to dismiss would be granted, it would be unfair to subject American to discovery.

### C. Whether a Stay Would Simplify the Issues and the Trial of the Case

American argues that a stay would simplify the issues and the trial of the case because if the Court grants its motion to dismiss, no claims will remain against it and the litigation would focus on the remaining claims against the proper Defendant. Dkt. No. 42 at 5. Plaintiff argues that a stay "will not simplify the issues for trial. The exact opposite is true as discovery will be produced regardless of whether American Airlines is dismissed from the case." Dkt. No. 45 at 5. The parties did not address this prong in detail, as the *Ainger* opinion had not yet been issued. But having reviewed the motion to dismiss, the Court concludes that American has made a clear and convincing showing that it would be granted.

*Rodriguez-Simmiolkjier v. U.S. Government et al*
1:21-cv-00257-WAL-EAH
Order Granting Motion to Stay
Page 13

As to the negligence claim, it is unclear whether Plaintiff seeks to hold American liable for causing her stress and upset for being "too busy" to transport her to Terminal D, or for not assisting her through TSA in Terminal D where she suffered upset and humiliation. In the former situation, Plaintiff has not pleaded sufficient facts showing she suffered damages resulting from this scenario: as pleaded, the assertion of emotional distress does not constitute sufficiently serious or severe emotional injury to merit recovery. *See Diaz v. Ramsden*, 2016 WL 5475994, at *7, 67 V.I. 81, 94-95 (V.I. Super. Sept. 22, 2016) (holding that mental anguish, sleeplessness, headaches, humiliation, embarrassment, pain and suffering were insufficient to state a negligent infliction of emotional distress claim). If Plaintiff is alleging American was negligent in the latter scenario, the complaint does not allege any facts showing how American's alleged failure to transport her wheelchair to Terminal D proximately caused TSA to mistreat her at the security checkpoint—i.e., constituted fault and a legal cause of her damages. *Coastal Air Transport, Inc. v. Scotland*, 2021 WL 6105022, at *3, 75 V.I. 382, 388 (2021).

As to the negligence per se claim under the ACCA, Plaintiff has not pointed to any authority that provides a plaintiff with a private right of action to sue under its provisions. The case cited by Plaintiff, *D.E. v. American Airlines, Inc.*, indicates only that the ACCA provides a standard of care that air carriers must provide to disabled persons traveling with service animals. 2020 WL 877812, at * 3. In one of the latest district court opinions to address this issue, the court summarized holdings in four circuits where courts have uniformly ruled

that the ACAA manifested no congressional intent to create a private right of action in a federal district court. *Andreadakis v. Ctr. for Disease Control & Prevention*, 2022 WL 2674194, at *9 (E.D. Va. July 11, 2022) (citing cases).

      Finally, the complaint does not provide any facts to plausibly allege a breach of contract claim. It does not state what American's duties under the contract of carriage were, that might plausibly show that not transporting Plaintiff to Terminal D breached that duty. Plaintiff argues that discovery was needed "on the actual language of the ticket to ascertain the contractual terms and provisions at issue," Dkt. No. 13, at 17, but the ticket should presumably be in her possession. She has not alleged any legally cognizable damages caused by the alleged breach, as she was transported, albeit not by American, to Terminal D, and the problems that occurred there resulted from TSA's alleged actions, not American's. Further, to state a claim for breach of the implied covenant of good faith and fair dealing, "a plaintiff must show (1) the existence of a valid contract between the parties, and (2) that defendant committed acts that 'amount to fraud or deceit or an unreasonable contravention of the parties' reasonable expectations under the contract.'" *Smith v. Meade*, 2022 WL 872196, at *3 (D.V.I. Mar. 24, 2022) (quoting *Arvidson v. Bucher*, 2019 WL 4307580, at *23 (V.I. Super. Sept. 10, 2019)). Plaintiff did not plead any such facts here.

*Rodriguez-Simmiolkjier v. U.S. Government et al*
1:21-cv-00257-WAL-EAH
Order Granting Motion to Stay
Page 15

### D. Whether Discovery is Complete and/or a Trial Date Has Been Set

The Court has not issued a Rule 16 Order and the Government filed an Answer a day before the motion to stay was filed. Plaintiff did not address this factor. Considering the circumstances, this factor weighs in favor of a stay.

### CONCLUSION

In sum, three of the four factors weigh in favor of granting a stay of discovery, with one factor favoring neither party. The Court therefore concludes that a stay of discovery as to Defendant American Airlines is warranted pending the district court's resolution of American's motion to dismiss. Accordingly, it is hereby **ORDERED**:

1. Defendant American Airlines Motion to Stay Pending Ruling on American's Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law, Dkt. No. 42, is **GRANTED**.

2. Discovery as to American Airlines is **STAYED** pending resolution of its Motion to Dismiss.

ENTER:

Dated: August 10, 2022

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE