**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **DENISE M. RODRIGUEZ-SIMMIOLKJIER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:21-257** |
| **v.** | : | **(MANNION, J.)** **(HENDERSON, M.J.)** |
| **UNITED STATES OF AMERICA and MARKWAYNE MULLIN[1] as the SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Pending before the court is the defendants' motion to dismiss the plaintiff's third amended complaint. (Doc. 79). Upon review of the motion and related materials, the defendants' motion will be **GRANTED** and the plaintiff's third amended complaint (Doc. 75) will be **DISMISSED** as discussed herein.

A defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, and dismissal is appropriate only if, accepting all of the facts alleged in the

---

[1] In her third amended complaint, the plaintiff named Alejandro Mayorkas, the former Secretary of the Department of Homeland Security, as a defendant. On March 24, 2026, Markwayne Mullin took over as the Secretary of Homeland Security. Pursuant to Fed.R.Civ.P. 25(d), Mr. Mullin is automatically substituted as the proper defendant in this matter.

complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not require probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" liability do not satisfy this standard. *Id.*

As noted above, the Court at this stage accepts the complaint's factual allegations as true. This tenet "is inapplicable to legal conclusions." *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Determining whether a complaint

states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

The federal pleading standard just described requires that district courts "conduct a two-part analysis:"

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

In considering a motion to dismiss, the Court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The Court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the

Court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,1261 (3d Cir. 1994).

The following are the factual allegations taken from the plaintiff's third amended complaint and accepted as true for purposes of the instant motion. On June 20, 2019, the plaintiff, a disabled individual with diabetes and an associated loss of ambulatory function, had an airline ticket to travel on American Airlines[2] and was traveling through the LaGuardia Airport in New York. The plaintiff informed American Airlines of her disability and requested assistance in moving through the airport. She arrived at the airport at 12:30 p.m. and American Airlines provided her with a wheelchair and wheelchair assistance to move through the airport to her departing gate at Terminal C.

When no one else came to the gate at Terminal C, the plaintiff inquired at the American Airlines counter and was informed that her flight was now leaving from Terminal D and was about to board. The plaintiff requested assistance from American Airlines to get to Terminal D but was told that personnel were too busy to provide her assistance. As a result, the plaintiff

---

[2] In her third amended complaint, the plaintiff continues to refer to American Airlines as a defendant. However, based upon the parties' joint motion, by order dated November 2, 2022, the claims against American Airlines were dismissed with prejudice. (Docs. 58, 59).

put her carry-on luggage on her lap and attempted to wheel herself to Terminal D. A passerby who observed the plaintiff crying and struggling to wheel herself arranged to have someone assist her to Terminal D.

When the plaintiff arrived at Terminal D, she had to go through TSA security by herself in the wheelchair to access her gate. The plaintiff explained to the TSA personnel that she was very weak and has a mobility disability which results in loss of ambulatory function. Despite this, TSA agents required her to stand up and go through the security machine which alarmed. The plaintiff was then approached by a TSA agent and instructed to stand with her arms outstretched to be patted down. During the pat down, the TSA agent touched and manipulated the plaintiff's pants such that they fell to the ground. The agent did not help the plaintiff pull up her pants or otherwise assist her. Instead, the agent called a male co-worker and drew attention to the plaintiff standing with her arms out and her pants around her ankles. Both agents began to laugh hysterically after which patrons and other TSA agents began to laugh at the plaintiff.

At that point, the plaintiff struggled to bend down and pull her pants up with no assistance. After doing so, she asked the name of the TSA employee who had caused her pants to fall to the ground. In response, the TSA employee covered her badge with her hand so the plaintiff could not see her name.

The plaintiff then went to the TSA supervisor and explained what occurred. The supervisor responded by stating, "Well, next time, hold your god damn pants up." The plaintiff explained that she could not do that with her hands out and requested the TSA agent's and supervisor's names. The supervisor refused to provide any information other than that his name was "Charles".

The plaintiff returned to her wheelchair and sat in it when a TSA agent yelled at her and ordered her to get out of the wheelchair so it could be checked. The plaintiff struggled to stand up, her wheelchair was checked, and she was allowed to sit back in the wheelchair. She was then wheeled to where another TSA agent was checking her bag. The plaintiff stated that her flight was boarding and that the "unnecessarily prolonged procedures" were causing her stress. With this, the plaintiff alleges that the TSA agent took out cold cuts from her backpack and "mimed an extremely slow check until the time for Plaintiff's flight had passed." Fortunately, the plaintiff alleges that her flight's departure was delayed and she was able to make her flight.

After all of this occurred, the plaintiff reported what had happened to the TSA hotline. She was asked to describe what clothes she was wearing and other information so that the video of what happened could be obtained and reviewed. The plaintiff "immediately" e-mailed the information. When she did not hear back within a few days, she called again. However, she was informed

that her e-mail had never been received and that the video tape had since been destroyed.

As a result of the foregoing, the plaintiff filed the instant action. In the most recent third amended complaint, the plaintiff sets forth two (2) counts – Count I alleges a failure to provide reasonable accommodation under the Rehabilitation Act of 1973 against the Secretary of the Department of Homeland Security. Here, the plaintiff provides that she placed TSA personnel on notice of her disabilities and that TSA personnel deliberately refused to accommodate her medical needs, failed to afford her reasonable accommodations, and denied her the benefit of a safe and appropriate screening process. Consequently, the plaintiff alleges that she suffered damages. Count V[3] alleges a negligence claim against the United States of America. Here, the plaintiff provides that the United States owes a duty to the public to provide reasonably safe security screening checkpoints at LaGuardia Airport. According to the plaintiff, TSA agents breached their duty of care to her when they "forced her to stand without assistance risking her personal safety due to her disability, caused her pants to fall down, laughed and heckled her, and pretended to move in slow motion to enlarge the time

[3] The plaintiff's third amended complaint contains no Counts II through Counts IV.

she had to spend in the security area to try and make her miss her flight and cause her excess mental distress." The plaintiff alleges that these breaches proximately caused her injuries and, as a result, she suffered damages. In light of these claims, the plaintiff is seeking "damages as they may appear, for pre and post-judgment interest, for costs and fees, and for such other relief as this Court deems fair and just."

The defendants have moved to dismiss the plaintiff's third amended complaint for failure to state a claim upon which relief can be granted. (Doc. 79). In doing so, the defendants argue that the plaintiff has failed to adequately state a claim under the Rehabilitation Act, in that she failed to sufficiently plead that she was denied meaningful access to a program or was otherwise subject to discrimination because of her disability. The court agrees.

Section 504 of the Rehabilitation Act prohibits disability discrimination by, among other entities, programs and activities receiving federal funding. 29 U.S.C §794(a). To obtain relief under the Rehabilitation Act, the plaintiff "must allege that [s]he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of [her] disability." *Brown v. Clemens*,

No. 23-3213, 2024 WL 4601681, at *2 (3d Cir. Oct. 29, 2024) (citing *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288–89 (3d Cir. 2019)).[4]

Here, the plaintiff alleges that TSA agents failed to afford her a reasonable accommodation due to her disability when they required her to stand up to go through security screening, stand with her arms outstretched to be patted down, and stand up so that her wheelchair could be checked. However, her allegations do not reflect that she was precluded from participating in any program, service, or activity. The plaintiff does not allege that she was denied access to the screening checkpoint or that she was denied access to the secure side of the security checkpoints or any other areas of the airport for that matter. Moreover, although the plaintiff was asked to stand for the security screening, to be patted down, and to have her wheelchair checked, there is no indication from the allegations in the plaintiff's third amended complaint that these actions were taken solely because of her disability.

Closest to the point raised here, the defendant cites to *Vanbrocklen v. United States*, 2009 WL 819382 (N.D.N.Y., Mar. 26, 2009), *aff'd by* 410 Fed.

---

[4] Our Court of Appeals has held that the substantive standards for determining liability is the same under either the Rehabilitation Act or the Americans with Disabilities Act, 42 U.S.C. §12132. *See Antol v. Perry*, 82 F.3d 1291, 1299 (3d Cir. 1996).

App'x 378 (2d Cir., Jan. 4, 2011), in which a wheelchair bound passenger alleged, in part, that a TSA agent's failure to ask him if he could stand up and walk through the metal detector constituted a violation of Section 504. In considering the issue, the district court found that the failure of the TSA agent to inquire as to whether a wheelchair bound passenger could stand or walk though the metal detector did not indicate that the agent was motivated solely by the individual's disability or by an animus against the disabled, and no reasonable fact finder could conclude otherwise. *Id.* As a result, the Section 504 claim was dismissed. So too here, the fact that the plaintiff was made to stand and walk through the security screening and was not asked whether she would prefer other accommodations does not demonstrate that the TSA agent was motivated solely by the plaintiff's disability or by any animus against the disabled.[5]

Further, in addition to failing to state a substantive claim, the court finds that the plaintiff has not requested any form of recoverable relief under Section 504. To this extent, the plaintiff specifically requests damages in her

---

[5] The court notes that, if true, the conduct alleged in the plaintiff's complaint regarding the actions of individual TSA agents is reprehensible, and it unfairly disparages the vast majority of TSA employees who perform their duties honorably. However, even accepting these allegations as true for purposes of the instant motion, the plaintiff fails to allege conduct that violates the Rehabilitation Act.

third amended complaint. However, the only form of relief which the plaintiff may recover against the federal government under Section 504 is injunctive relief, as Section 504 of the Rehabilitation Act does not waive sovereign immunity for damages claims against the federal government. *Lane v. Pena*, 518 U.S. 187, 192 (1996).[6]

In light of the foregoing, the court finds that the plaintiff has failed to sufficiently plead a claim under Section 504. As such, Count I of the plaintiff's third amended complaint will be dismissed with prejudice.

With respect to the plaintiff's claim of negligence against the United States, the defendants argue that, substantively, the plaintiff has failed to adequately plead a breach of duty owed by the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et seq.* The plaintiff counters that the defendant owed her a duty to ensure that her passage through TSA security was safe and that her disability was accommodated, and that TSA agents breached that duty when they forced her to stand without assistance, risking her personal safety due to her disability, caused her pants

[6] The plaintiff attempts to amend her claim for relief in her brief opposing the defendants' motion to dismiss which it is well-established she cannot do. *See Commonwealth of Pa. ex. rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *Zoroya v. Hilliard*, 2008 WL 219340 (W.D.Pa., Jan. 25, 2008). Because the plaintiff is now on her third amended complaint, her fourth complaint in total, the court declines to allow the plaintiff a fifth opportunity to amend her complaint.

to fall, laughed and heckled her, and pretended to move in slow motion to enlarge the time she had to spend in the security area to try and make her miss her flight.

With respect to the plaintiff's negligence claim against the United States, federal courts do not have jurisdiction over FTCA claims until (1) the plaintiff has presented the claim to the appropriate federal agency within two years of the date the claim accrues; and (2) the agency has either denied the claim or has failed to make a final disposition within six months of plaintiff's presentation of the claim. 28 U.S.C. § 2675(a); *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir.1971) (holding that the FTCA exhaustion requirement is a jurisdictional one).

In reviewing the plaintiff's third amended complaint, there is no indication that the plaintiff presented her claims to any federal agency. As discussed, the district court lacks jurisdiction over a federal tort claim unless the claimant has first exhausted administrative remedies. *See* 28 U.S.C. §2675(a); *see also McNeil v. United States*, 508 U.S. 106 (1993); *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995); *Prather v. Attorney General of U.S.*, 443 Fed. App'x 766 (3d Cir. 2011). Because the plaintiff has failed to plead a sufficient basis for jurisdiction on the FTCA claim, this count will be dismissed, albeit without prejudice to allow the plaintiff to demonstrate proper exhaustion of her administrative remedies.

As a final matter, pending before the court is the plaintiff's objection and appeal (Doc. 114) of United State Magistrate Judge Emile A. Henderson III's order (Doc. 109) granting the defendant's request to stay discovery pending this court's ruling on the pending motion to dismiss the plaintiff's third amended complaint (Doc. 89). In light of the above discussion finding that the defendants' motion to dismiss the plaintiff's third amended complaint should be granted, the plaintiff's objection and appeal to Judge Henderson's order staying discovery will be dismissed as moot.

An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATED:** 11/6/26
21-257-01